**SOUTHWESTERN ILLINOIS COAL CORPORATION, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**Nos. 73-1257, 73-1548, 73-1549.**

United States Court of Appeals, Seventh Circuit.

Heard Jan. 14, 1974.

Decided Feb. 8, 1974.

Scott P. Crampton, Asst. Atty. Gen., Donald H. Olson, Atty., Tax Div., Dept. of Justice, Washington, D. C., Stanley B. Miller, U. S. Atty., Richard Darst, Asst. U. S. Atty., Indianapolis, Ind., for defendant-appellant.

Charles F. Cremer, Jr., William M. Evans, Indianapolis, Ind., for plaintiff-appellee.

Before KILEY, Senior Circuit Judge, and CUMMINGS and SPRECHER, Circuit Judges.

PER CURIAM.

The question presented by this appeal is whether the electrical expense deductions taken by taxpayer in 1965, 1966 and 1967 for subsequently determined excessive billings were proper. If they were, under the tax benefit rule, the subsequent refund thereof in 1967 produced taxable income in that year.

During the relevant period, taxpayer was engaged in the business of strip-mining coal in southwestern Illinois. In late 1964, it put into service a large, specially built, electrically powered shovel. The Illinois Power Company installed special power lines and a metering device to provide readings of the electrical power supplied to the shovel. The power company used those readings to prepare the electric bills it submitted to taxpayer.

Since the monthly electric bills received by taxpayer for the power consumed by the new shovel were double the expected amount, taxpayer questioned the bills but paid them on the understanding that it would receive an adjustment if an error were discovered. In July 1966, new metering devices were installed which showed that the taxpayer had been previously billed for twice the electrical power that it used. Consequently, in taxpayer's fiscal year 1967, the power company refunded $498.328.-66, plus interest, to taxpayer for the excessive billings collected in taxpayer's fiscal years 1965, 1966 and 1967.

Taxpayer, which was on an accrual basis, reported the full amounts paid by it for electrical power as a deductible expense in its fiscal years 1965–1967. In the last of those fiscal years, it reported the refund as taxable income. After its claim for refund was denied, taxpayer filed this suit contending that the 1967 refund of the over-billings was not taxable income, so that it was entitled to a tax refund of $134,822.89 for that year. The theory of its suit was that because the excessive electrical expense deductions taken by it were erroneous, the tax benefit rule (see *infra*) did not apply and the refund of the excess payments therefore did not constitute taxable income.

The Government denied that taxpayer's deductions for the over-billings were improper and accordingly contended that the refund from the power company was taxable income in fiscal 1967. The district court held that the deductions for the utility charges were improperly taken by taxpayer "as all events had not occurred in the years of the deductions that fixed the amount and the fact of plaintiff's liability for the utility charges." The court also held that Section 461(f) of the Internal Revenue Code of 1954[1] was not applicable be-

---

1. Section 461(f) provides in pertinent part: "*Contested Liabilities.*—If—
   (1) the taxpayer contests an asserted liability,
   (2) the taxpayer transfers money or other property to provide for the satisfaction of the asserted liability,
   (3) the contest with respect to the asserted liability exists after the time of the transfer, and,

   (4) but for the fact that the asserted liability is contested, a deduction would be allowed for the taxable year of the transfer (or for an earlier taxable year),
   then the deduction shall be allowed for the taxable year of the transfer. * * *."

cause the over-billings were improperly deducted by taxpayer. After allowing the set-off claimed by the Government, judgment was entered for taxpayer in the amount of $43,995 with interest. We reverse.

■ The resolution of this case depends on the applicability of the "tax benefit rule." Under that rule, the recovery of property which was once the subject of a proper income tax deduction must be treated as income in the year of its recovery.[2] Since we conclude that taxpayer's over-billings were properly deducted, the tax benefit rule required it to include as income the amount which the power company refunded in 1967.

Section 461(a) of the Internal Revenue Code states that a taxpayer should deduct items in the "proper taxable year under the method of accounting used in computing taxable income." Section 1. 461–1(a)(2) of the Regulations controls the timing of deductions of those employing the accrual method such as used by taxpayer. Under that regulation an expense is deductible for "the taxable year in which all the events have occurred which determine the fact of the liability and the amount thereof can be determined with reasonable accuracy" (26 C.F.R. § 1.461–1(a)(2)). According to the example given in the same regulation, a contested liability is not a proper deduction under Section 461(a). This is consistent with the Supreme Court's 1961 holding that an accrual basis taxpayer could not deduct the payment of contested real estate taxes in the year paid. United States v. Consolidated Edison Company, 366 U.S. 380, 81 S.Ct. 1326, 6 L.Ed.2d 356.

■ Three years later, because of Congressional dissatisfaction with the rule of the *Consolidated Edison* case, Congress enacted Section 461(f) of the Code. See note 1, *supra*. Under that Section, a contested liability is currently deductible if the contest persists after payment by the taxpayer and if the liability would otherwise be allowed. As the Senate Report accompanying Section 461(f) shows, where deductions have been overstated and, as here, the liability is refunded after contest, the overstatements are to be included in income in the year of refund.[3] The pertinent regulation is to the same effect.[4]

This taxpayer paid the overstated electrical bills as they were received. From the start, it questioned the accuracy of the billings, and, prior to the enactment of Section 461(f), the deductions of the contested amounts would have been improperly taken. Taxpayer asserts that there was no contest because the power company agreed to investigate the possibility that the meter was inaccurate and to refund any overcharge which had occurred. It is not required that both sides behave unreasonably to create a contest. It is sufficient that, as here, the taxpayer paid the bills as presented while simultaneously contending that they were excessive and that further investigation was necessary to determine the correct amounts. This comports with the legislative history. See note 3, *supra*.

It is clear that but for the contest, (§ 461(f)(4)), these electrical bills would

---

2. See 1 Mertens, Law of Federal Income Taxation (Zimet Rev.) § 7.34; Plumb, The Tax Benefit Rule Today, 57 Harv.L.Rev. 120 (1943). We applied this rule in Bear Manufacturing Company v. United States, 430 F. 2d 152 (7th Cir. 1970).

3. S.Rep.No.830, 88th Cong., 2d Sess., p. 100 (1964 U.S.Code Cong. & Admin.News, pp. 1773–1774).

4. Section 1.461–2(a)(3) provides:
   "*Refunds includible in gross income.* If any portion of the contested amount which is deducted under subparagraph (1) of this paragraph for the taxable year of transfer is refunded when the contest is settled, such portion is includible in gross income except as provided in § 1.111–1, relating to recovery of certain items previously deducted or credited. Such refunded amount is includible in gross income for the taxable year of receipt, or for an earlier taxable year if properly accruable for such earlier year." (26 C.F. R. § 1.461–2(a)(3)) § 1.111–1 states the tax benefit rule.

have been deductible, for in that event the case would have involved undisputed bills for power supplied before the billings and paid in full. Since the enactment of Section 461(f), the contest over the billings is no longer a barrier to deductibility of these payments. Therefore, under the tax benefit rule, the 1967 refund of the erroneous billings was taxable income in that fiscal year.

Judgment reversed.